UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON EUGENE JOHNSON,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Respondent. | No. 2:19-cv-02439 GGH P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). Nevertheless, the undersigned will recommend summary dismissal of the pending petition based on a failure to raise a federal cognizable claim.

Petitioner requests in his habeas petition modification or resentencing pursuant to California Assembly Bill 1618. ECF No. 1 at 3. Petitioner was convicted and sentenced in Sacramento County Superior Court for corporal punishment on a spouse and received sentencing enhancements for prior felonies. Id. at 2. The petition, however, is directed to the California Supreme Court. Id. at 1; see also ECF No. 1-1. It appears that the petition may have been misfiled in the incorrect court. On the contrary, if petitioner intended to file in this court, the petition nevertheless fails to raise a federal cognizable claim.

1

1 | A writ of habeas corpus is available under 28 U.S.C.§ 2254(a) only on the basis of some transgression of federal law binding on the state courts. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983). It is unavailable for alleged error in the interpretation or application of state law. Middleton, 768 F.2d at 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1983); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). "[R]ecently enacted Assembly Bill No. 1618 amended the Penal Code to provide, in relevant part, that a plea bargain 'that requires a defendant to generally waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea is void as against public policy.' ([California Pen. Code] § 1016.8, subd. (b).)" People v. Ellis, No. F076421, 2019 WL 7161342, at *5 (Ct. App. 2019). Accordingly, petitioner's claim that his sentence should be reduced pursuant to Assembly Bill 1618 is not a cognizable federal claim.

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." The Advisory Committee Notes to Rule 8 also indicates that the court may deny a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. In the instant case, it is plain from the petition and the exhibit provided that petitioner is not entitled to federal habeas relief. Therefore, the petition should be summarily dismissed.

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these

////

////

findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case. [1]

In addition, petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion for appointment of counsel (ECF No. 2) is denied without prejudice to a renewal of the motion at a later stage of the proceedings; and

2. The Clerk of the Court is directed to assign a district judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be summarily dismissed; and

2. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

Dated: December 30, 2019

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

---

[1] Nothing in this Findings and Recommendations precludes petitioner from seeking appropriate relief in the state courts.